**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

CARRIE S. TRUSSELL,

                Plaintiff,

v.                                                          ACTION NO. 4:13cv47

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**<u>UNITED STATES MAGISTRATE JUDGE'S
AMENDED REPORT AND RECOMMENDATION[1]</u>**

Plaintiff brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny her claim for Disability Insurance benefits under Title II of the Social Security Act. ECF No. 3. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference filed July 30, 2013. ECF No. 8.

**I. <u>PROCEDURAL BACKGROUND</u>**

Plaintiff Carrie S. Trussell filed an application for Disability Insurance Benefits ("DIB") with the Social Security Administration on February 19, 2010. R. 101-107.[2] Ms. Trussell alleged an onset of disability as of January 30, 2009, due to diabetes, arthritis, high blood

---

[1] The Report and Recommendation has been amended to change the phrase "DENIED WITHOUT PREJUDICE" on page 4 to "DISMISSED WITHOUT PREJUDICE."

[2] "R." refers to the Administrative Record.

pressure, depression, back pain, insomnia, fibroid tumors, varicose veins, and high cholesterol. R. 101, 123. Her application was denied initially and on reconsideration. R. 40-64.

A hearing before an Administrative Law Judge ("ALJ") was held on February 15, 2012. R. 23-39. Finding Ms. Trussell was not disabled, the ALJ denied her claim for DIB on February 23, 2012. R. 7-20. The Appeals Council of the Office of Hearings and Appeals of the Social Security Administration denied Ms. Trussell's request for review. R. 1-4. This makes the ALJ's decision the final decision of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. § 405(g).

On April 18, 2013, Ms. Trussell submitted a Motion for Leave to proceed *in forma pauperis* along with a proposed complaint seeking judicial review of the decision of the Commissioner denying her claim for DIB. ECF No. 1. The Court granted Ms. Trussell's application to proceed *in forma pauperis*, and her Complaint was filed on April 24, 2013. ECF Nos. 2 and 3. Defendant filed an answer on July 29, 2013.

A Scheduling Order was entered on August 30, 2013, directing Ms. Trussell to file a motion for summary judgment by September 30, 2013. ECF No. 9. Ms. Trussell failed to comply with the order. On October 30, 2013, Defendant filed a Motion to Dismiss asking the Court to dismiss the action for failure to prosecute, together with a notice that complies with *Roseboro v. Garrison,* 528 F.2d 309, (4th Cir. 1970). ECF Nos. 10 and 12. Counsel for Defendant sent Ms. Trussell a letter on November 4, 2013, responding to a voicemail Ms. Trussell left on November 1, 2013. ECF No. 13. Counsel encouraged Ms. Trussell to carefully review the materials served on her the previous week, as well as the Court's order dated August 30, 2013, and to contact counsel if she did not understand the material.

Ms. Trussell has failed to respond to the Court's order or Defendant's Motion to Dismiss. The Court has received no further documents from Ms. Trussell since the submission of her motion to proceed *in forma pauperis* and Complaint on April 18, 2013.

## II. <u>ANALYSIS</u>

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  When determining whether to dismiss a case for failure to prosecute, the court must consider four factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).  Rule 41(b) provides that "[u]nless the dismissal order states otherwise," dismissal under this subdivision "operates as an adjudication on the merits."  Moreover, the decision to dismiss a case pursuant to Rule 41(b) is reviewed for an abuse of discretion. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).  After weighing these factors, the undersigned recommends dismissing Ms. Trussell's Complaint without prejudice.

The first and third factors discussed in *Hillig*, which address Ms. Trussell's personal responsibility and proceeding in a dilatory fashion, weigh in favor of dismissing Ms. Trussell's Complaint.  Ms. Trussell bears the burden of bringing her case and demonstrating she is entitled to relief.  By Order entered August 30, 2013, Ms. Trussell was directed to file a motion for summary judgment by September 30, 2013.  Next, Defendant filed a Motion to Dismiss with a notice that failure to file a response to the motion within twenty-one days may result in dismissal

3

of the case. In the three months since the Court entered an order requiring Ms. Trussell to file a Motion for Summary Judgment, and seven months since she first submitted her Complaint, Ms. Trussell has failed to file any document with the Court. Ms. Trussell has failed to prosecute this case and comply with the orders of this Court.

Further, as a result of Ms. Trussell's failure to file a Motion for Summary Judgment, the Defendant has been unable to address the merits of Ms. Trussell's claims. Consequently, the second factor, prejudice to Defendant, also weighs in favor of dismissal.

The fourth factor, the effectiveness of less drastic sanctions, does not counsel against dismissal under the circumstances of this case, but may weigh in favor of dismissal without prejudice. Such a decision is within the discretion of the Court, *see Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 1006), and may mitigate any legal prejudice to Ms. Trussell, who is proceeding *pro se*. Accordingly, the Court recommends that that Complaint be DISMISSED WITHOUT PREJUDICE. However, the Court notifies Ms. Trussell, to the extent the statute of limitations prevents her from re-filing this action, her dilatory conduct may have effectively rendered this dismissal as one with prejudice.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends the Defendant's Motion to Dismiss (ECF No. 10) be GRANTED, the Complaint be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b), and the final decision of the Commissioner be AFFIRMED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

                                                    /s/
                                          Tommy E. Miller
                                United States Magistrate Judge

Norfolk, Virginia
December 13, 2013

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Carrie S. Trussell
228 Breckinridge Court
Hampton, VA  23666

Kent P. Porter, Esq.
United States Attorney Office
101 W. Main St.
Suite 8000
Norfolk, VA  23510

                                        Fernando Galindo, Clerk

                             By _____
                                        Deputy Clerk

                                        December       , 2013